[Cite as *State v. Jewell*, 2025-Ohio-3125.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024CA00128 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Canton Municipal Court, Case No. 2024 CRB 01492 |
| JEFFREY ALLEN JEWELL II | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: August 29, 2025 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Appellate Judges

**APPEARANCES:** JASON P. REESE, Canton Law Director, KATIE M. ERCHICK GILBERT, Canton City Prosecutor, JONATHAN COPE, Assistant Prosecutor, for Plaintiff-Appellee; D. COLEMAN BOND, for Defendant-Appellant.

OPINION

*Baldwin, P.J.*

**STATEMENT OF FACTS AND THE CASE**

{¶1}   L.D., manager of the Dollar General on Tuscarawas Street, was working on April 4, 2024, when she was called to the front of the store by a cashier because the appellant had entered the store with his motorized bicycle. L.D. recognized the appellant from a prior incident during which he brought his bicycle into the store, and asked him to leave it outside. The appellant argued with L.D., yelling, cursing, and making a scene. The appellant was asked to leave the store, but refused. In response to the appellant's

conduct and refusal to leave, L.D. told the cashier to hit the panic button and call the police.

{¶2} Canton Police Patrol Officer Andrew Cook responded to the call. Officer Cook learned from dispatch that the silent panic alarm had been hit for an unwanted and disruptive person in the store with a bike. When he arrived at Dollar General he observed L.D. and the appellant leaving the store.

{¶3} L.D. told Officer Cook that she wanted the appellant removed from the store. Cook, who believed that the appellant may have committed a crime, made multiple requests for the appellant's identification. The appellant refused to provide his identification, or any other personal information. Officer Cook told the appellant to provide his name or he would be placed in handcuffs. The appellant continued to refuse to identify himself or otherwise cooperate. Officer Cook told the appellant numerous times to get off of his bicycle. The appellant refused to get off his bicycle, and continued to refuse to provide any identifying information. After several more unsuccessful requests for the appellant's identification, Officer Cook attempted to place the appellant in handcuffs.

{¶4} The appellant tensed his left arm and pulled it towards his body, preventing Cook from placing the appellant's hands behind his back. Officer Cook gave the appellant one final warning, telling him to comply with the orders or Cook would push the appellant off his bicycle and take him to the ground. The appellant did not comply. Officer Cook took the appellant to the ground and asked him to place his hands behind his back. The appellant continued his defiant behavior, stated "no," and refused to put his hands behind his back. Additional officers arrived on the scene, and the appellant finally acquiesced,

stating "fine I will do it." Officer Cook later identified the appellant using an Ohio identification card found in his wallet.

{¶5} The appellant was charged with Resisting Arrest in violation of R.C. 2921.33, a misdemeanor of the second degree; and, Obstructing Official Business in violation of R.C. 2921.31, a misdemeanor of the second degree. He pleaded not guilty at his arraignment, and demanded a jury trial.

{¶6} The appellant initially chose to represent himself, but was subsequently appointed counsel. The matter was scheduled for trial, and the Obstructing Official Business charge was amended to Failure to Disclose Personal Information in violation of R.C. 2921.29(A)(1), a misdemeanor of the fourth degree.

{¶7} The case proceeded to a jury trial in the Canton Municipal Court on July 15, 2024. The jury heard testimony from L.D., Officer Cook, and the appellant. Footage from Officer Cook's body camera was admitted into evidence. The jury convicted the appellant on both charges.

{¶8} The appellant filed a timely appeal, and sets forth the following two assignments of error:

"I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT, AND THE CONVICTION MUST BE REVERSED."

"II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED."

The appellant argues that his convictions were not based upon sufficient evidence, and were against the manifest weight of the evidence. We disagree.

## STANDARD OF REVIEW

**{¶9}** The appellant challenges his convictions on both manifest weight and sufficiency of the evidence. Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley,* 2021-Ohio-2207, as follows:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 219.

*Id.* at ¶57. Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

**{¶10}** Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 386–387 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 1997–Ohio–355. The *Thompkins* Court stated:

> . . . Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra,* at 1594.

*Id.* at 387. The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed

and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.* The Court in *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77 (1984), stated further:

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Id.* at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

## ANALYSIS

{¶11} Although sufficiency of the evidence and manifest weight entail different legal concepts, both entail a review of the record, and as such we shall address the appellant's assignments of error together.

{¶12} The appellant was tried on charges of Resisting Arrest and Failure to Disclose Personal Information. R.C. 2921.33 defines Resisting Arrest, and states in pertinent part:

(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another.

R.C. 2921.29 defines Failure to Disclose Personal Information, and states in pertinent part:

(A) No person who is in a public place shall refuse to disclose the person's name, address, or date of birth, when requested by a law enforcement officer who reasonably suspects either of the following:

(1) The person is committing, has committed, or is about to commit a criminal offense.

The evidence adduced at trial establishes the elements of both offenses.

{¶13} L.D. testified that she was the manager of the Dollar General, and that she had previously asked the appellant to refrain from bringing his bicycle into the store for safety reasons. The appellant complained to the Dollar General corporate office about L.D., and the corporate office supported her decision. L.D. was working on April 4, 2024, when the appellant again entered the store on his motorized bicycle. She was called to the front by another employee and, again, asked the appellant to leave his bicycle outside the store for safety reasons. She testified that she asked the appellant multiple times to take his bicycle outside; he refused, and continued arguing with her, yelling and cursing. L.D. then told the cashier to call law enforcement. L.D. walked outside when Officer Cook arrived, and the appellant followed.

{¶14} Officer Cook testified that dispatch received a call from the alarm company for the Dollar General regarding a silent panic alarm. Upon arrival, Officer Cook observed the appellant leaving the store with his bicycle. Officer Cook was advised by L.D. that the

appellant had been asked several times not to bring his bicycle into the store, refused to stop doing so, engaged in an argument with her, and refused to leave. Officer Cook testified that at the time of the call he was "not sure if any other crimes had occurred," so he had to investigate. Officer Cook asked the appellant for his name and identification, but the appellant refused to provide them. Officer Cook advised the appellant that if he did not provide his name, Cook was going to have to place the appellant in handcuffs. The appellant continued his refusal to provide the requested personal information, and refused to get off of his bicycle. Officer Cook testified that he attempted to place the appellant in handcuffs, but the appellant tensed up his left arm and pulled it up towards the front of his body. Cook testified that he told the appellant that, if he did not comply, Cook was going to be forced to push the appellant off his bicycle and onto the ground, and place him in handcuffs. The appellant continued to refuse to comply, and Officer Cook pushed the appellant off of his bicycle and onto the ground. The appellant continued to refuse to place his hands behind his back even after he was on the ground. It was only after sirens could be heard coming towards the Dollar General location that the appellant acquiesced and allowed Officer Cook to place him in handcuffs.

{¶15} Officer Cook also testified that he was wearing an operable body camera at the time of the incident, the footage from which was played for the jury. The body cam footage supported Cook's testimony, and evidenced the fact that he asked the appellant at least four times to provide his name. Finally, Officer Cook testified that, at the time of his encounter with the appellant, Cook "didn't know if there were any other crimes or anything so [he was] investigating whether or not [the appellant] potentially could have

committed other offenses," and that he "believed that [the appellant] could have been committing or had committed a crime at that point."

{¶16} The appellant testified that he went to the Dollar General and took his bicycle inside, claiming he had been permitted to do in the past, and set it in front near the register. He testified that L.D. asked him to take his bicycle outside, but he was afraid it would get stolen so he refused. The appellant testified that L.D. kept arguing with him as he continued to shop. The appellant testified that Officer Cook asked for his name, but did not tell him he was suspected of a crime. The appellant testified that he did not give Officer Cook his name "[b]ecause I believe in my Fifth Amendment to remain silent and also if I am not suspected or if I didn't get caught in the act of committing a crime, I shouldn't have to disclose my personal information."

{¶17} Based upon our review of the record, we find that the evidence adduced at trial is legally sufficient to support the jury's verdict as a matter of law, and as such the guilty verdict on the charges of Resisting Arrest and Failure to Disclose Personal Information are supported by sufficient evidence. Furthermore, after a review of the entire record, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. As such, we find that the jury's verdict is not against the manifest weight of the evidence.

## CONCLUSION

{¶18} Based upon the foregoing, we find that the appellant's convictions on the charges of Resisting Arrest and Failure to Disclose Personal Information were supported by sufficient evidence, and were not against the manifest weight of the evidence. Accordingly, the appellant's assignments of error numbers one and two are overruled, and the judgment of the Canton Municipal Court is hereby affirmed.

{¶19} Costs to Appellant.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.